**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United Specialty Insurance Company,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>The Klark Organization I; Bradbury Stamm Construction, Inc.,<br><br>　　　　Defendants. | No. CV-11-8043-PCT-PGR<br><br><br>ORDER |

  Through its three-count Second Amended Complaint (Doc. 13), plaintiff United Specialty Insurance Company seeks a declaration that it has no duty to defend or indemnify its insured, defendant The Klark Organization I, in connection with a construction defect lawsuit brought against Klark by defendant Bradbury Stamm Construction, Inc., due to various exclusions from coverage in the three commercial general liability insurance policies it issued to Klark.

  On September 2, 2011, United Specialty and Bradbury Stamm filed a Stipulated Motion for Entry of Final Order of Judgment for United Specialty Insurance Company (Doc. 17), wherein they agree to the entry of a final judgment in United Specialty's favor providing in part that none of the insurance policies at issue provide coverage for the construction defect lawsuit, including any

indemnity or defense obligations.  Conspicuously absent from the stipulated motion is any  specific request, much less any supporting argument, seeking certification for a final judgment against Bradbury Stamm pursuant to Fed.R.Civ.P. 54(b) ("When an action presents more than one claim for relief ... or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.")  A specific Rule 54(b) request was required at the time the stipulated motion was filed because Klark was then an existing party to the action inasmuch as it had already been served with process and, although it had failed to make an appearance, it had not then had default or default judgment entered against it. *See* Patchick v. Kensington Publishing Corp., 743 F.2d 675, 677 (9th Cir.1984) (noting that a dismissal order is not final if any defendant upon whom service has been made remains in the action.)  Entry of a final judgment resolving United Specialty's claims against Bradbury Stamm cannot therefore properly occur prior to the entry of judgment against Klark.

United Specialty filed an Application for Entry of Default of Defendant The Klark Organization (Doc. 18) on September 2, 2011, and the Clerk of the Court entered default against Klark (Doc. 20) on September 7, 2011.  On September 8, 2011, United Specialty filed a Motion for Entry of Default Judgment Against Defendant The Klark Organization (Doc. 21), wherein it seeks entry of judgment against Klark pursuant to Fed.R.Civ.P. 55(b)(2) declaring that it does not have a duty under its three insurance policies issued to Klark to defend Klark against the lawsuit brought against it by Bradbury Stamm or to indemnify it for any settlement or judgment in that lawsuit.  Since a review of the record shows that Klark was

served with the Second Amended Complaint and that Klark has failed to answer or otherwise respond to the Second Amended Complaint[1], and that Klark has properly been defaulted, the Court finds that United Specialty has established that a declaratory default judgment should be entered Klark. Therefore,

IT IS ORDERED that plaintiff United Specialty Insurance Company's Motion for Entry of Default Judgment Against Defendant The Klark Organization (Doc. 21) is granted.

IT IS FURTHER ORDERED that the Stipulated Motion for Entry of Final Order of Judgment for United Specialty Insurance Company (Doc. 17) is granted to the extent that plaintiff United Specialty Insurance Company shall submit a proposed form of judgment resolving the entirety of this action no later than **October 21, 2011**.[2]

DATED this 11th day of October, 2011.

_____
Paul G. Rosenblatt
United States District Judge

---

[1] The record also establishes that Klark was served with United Specialty's First Amended Complaint, and, via United Specialty, with the Court's Order (Doc. 12), entered on July 12, 2011, that admonished the parties that they could not stipulate to an extension of time for Klark to file an answer without the Court's approval and that required Klark to respond to the complaint.

[2] The proposed form of judgment shall be consistent with the requirements of Fed.R.Civ.P. 54(a) ("A judgment should not include recitals of pleadings, a master's report, or a record of prior proceedings.")